FILED
in the Clerk's Office
U.S. District Court, EDNY
September 16, 2022, 1:34 PM
Brooklyn
Pro Se Office via Box.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DIBO HAFIF,

                        Plaintiffs,

-against-

RABBI ELI J. MANSOUR, ABRAHAM MANOPLA, EVET BALAS, ET AL.,

                        Defendants.

Case No. 22 CIV 1199 (LDH)(RML)

ANSWER AND AFFIRMATIVE DEFENSES

A JURY TRIAL IS DEMANDED

       Defendant MURRAY BETESH, pro se, for his Answer to the Complaint, and for his Affirmative Defenses, allege as follows:

1. Defendant lacks knowledge or information sufficient to form a belief as to the factual allegations contained in this paragraph of the Complaint and otherwise assert that the allegations contained in this paragraph of the Complaint do not constitute factual allegations warranting an answer.

2. Defendant denies the allegations contained in paragraphs 2 through 326 of the Complaint as they relate to defendant Murray Betesh.

3. Defendant lacks knowledge or information sufficient to form a belief as to all other allegations of the Complaint including those relating to Plaintiff and those relating to the co-defendants.

## AS AND FOR DEFENDANT'S AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses. By designating the following defenses as affirmative defenses, Defendants do not concede that she bears the burden of proof with respect to any of these defenses.

### First Affirmative Defense

The Complaint fails to state a claim for which relief can be granted.

### Second Affirmative Defense

The Plaintiff lacks standing to maintain each count contained in the Complaint.

### Third Affirmative Defense

Upon information and belief, the Court lacks personal jurisdiction and/or the Plaintiff has not met its obligation to prove diversity of citizenship.

### Fourth Affirmative Defense

Plaintiff is equitably estopped from maintaining this action based upon his unclean hands, and his Complaint should therefore be dismissed.

### Fifth Affirmative Defense

Plaintiff's Complaint fails to state a cause of action to the extent that it seeks exemplary or punitive damages as it fails to allege conduct constituting gross recklessness or intentional wanton or malicious conduct aimed at the public generally or conduct actuated by evil or reprehensible motives.

### Sixth Affirmative Defense

To the extent that Plaintiff's Complaint seeks exemplary or punitive damages, it violates Defendant's constitutional rights to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution, and Article 1, § 5 of the Constitution of the State of New York, and violates Defendant's constitutional rights to substantive due process duly provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of New York, and therefore, fails to state a cause of action supporting the punitive or exemplary damages claimed.

### Seventh Affirmative Defense

Plaintiff has not sustained any damages as a result of the actions alleged in his complaint.

### Eighth Affirmative Defense

The Court lacks subject matter jurisdiction, as the alleged defamatory statements were made in the context of a body interpreting Jewish law, and the First Amendment prohibition against government entanglement with religious practices would be too easily circumvented if this Court exercised jurisdiction.

### Ninth Affirmative Defense

Failure to plead defamation with specificity.

### Tenth Affirmative Defense

The Defendant's conduct is protected by a qualified privilege and the "common interest principal."

### Eleventh Affirmative Defense

Assuming, without admitting, that Defendant made the statement attributed to her by Plaintiff, the statement was true.

### Twelfth Affirmative Defense

Assuming, without admitting, that Defendant made the statement attributed to her by Plaintiff, the statement is unactionable as it constitutes an opinion.

### Thirteenth Affirmative Defense

Assuming, without admitting, that Defendant made the statement attributed to her by Plaintiff, the statement did not rise to the level of slander or defamation.

### Fourteenth Affirmative Defense

Assuming, without admitting, that Defendant made the statement attributed to her by Plaintiff, the statement was not published.

### Fifteenth Affirmative Defense

The Plaintiff is a public figure, rendering a heightened standard for a claim of defamation and rendering a defense as to infliction of emotional distress.

### Sixteenth Affirmative Defense

Litigation privilege applies as a defense as to infliction of emotional distress.

### Seventeenth Affirmative Defense

Even if Defendant's conduct could be deemed outrageous as required for the claims of infliction of emotional distress, Plaintiff consented.

### Eighteenth Affirmative Defense

Even if Defendant's conduct could be deemed outrageous as required for the claims of infliction of emotional distress, Defendant acted in self-defense or defense of others.

### Nineteenth Affirmative Defense

Even if Defendant's conduct could be deemed outrageous as required for the claims of infliction of emotional distress, Defendant acted in defense of property.

### Twentieth Affirmative Defense

Defendant asserts the defense of necessity.

### Twenty-First Affirmative Defense

Plaintiff failed to mitigate its damages, if any were suffered.

### Twenty-Second Affirmative Defense

Forum non-conveniens.

### Twenty-Third Affirmative Defense

Plaintiff's alleged damages are limited to real or actual damages only.

### Twenty-Fourth Affirmative Defense

Answering defendants currently have insufficient information upon which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available to them. Answering defendants

therefore reserve the right to assert additional affirmative defenses and counterclaims in the event discovery indicates that they would be appropriate.

WHEREFORE, the Defendant Murray Betesh demands judgment dismissing the Complaint with prejudice in its entirety, for costs of suit, fees, and for such other relief as this Court may deem proper.

Dated: New York, New York
September 15, 2022

**MURRAY BETESH**

_____

500 Roseld Avenue
Deal, New Jersey 07723
732-996-2809
Email: murraybetesh@aol.com

To: Counsel of Record (Via ECF)