**AGF&J** Abrams, Gorelick, Friedman & Jacobson, LLP
Attorneys At Law

One Battery Park Plaza
4th Floor
New York, NY 10004

Phone: 212-422-1200
Fax: 212-968-7573
www.agfjlaw.com

May 30, 2023

Via ECF Filing Only

The Honorable Lashann DeArcy Hall
United States District Court Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> Re: *Hafif v. Mansour et al.*
> **Case Number: 1:22-cv-1199 LDH-RML**

Dear Judge DeArcy Hall:

    I represent defendants Rabbi Eli J. Mansour ("the Rabbi") and Michael Wahba ("Wahba") in the above-referenced matter. I write in response to plaintiff, *pro se's*, May 25, 2023 letter to me, which he filed on ECF (Dkt 69) for Your Honor to see, in which he states (*inter alia*) the following:

> I am seeking to withdraw my Complaint against Rabbi Eli J. Mansour without prejudice with the court's approval, on the condition that Rabbi Eli J. Mansour respects and endorses the three (3) aforementioned Rabbinical Courts' Judgements in this letter.

    I first saw plaintiff's letter yesterday, which is also the first time I became aware of plaintiff's current settlement proposal. I want to make it clear that at this time I do not consent to the proposal. At this time, my client the Rabbi does not agree to the conditions plaintiff proposes as a basis for him to withdraw the complaint. If, sometime in the future, my client is willing to take plaintiff up on his offer, we will so advise him.

    In the first paragraph of plaintiff's letter, he states that he offered to mediate this matter before certain members of the Syrian community. I recall no such thing. He also states that, at the conference in question, I said that my defense to this action is that the Rabbi acted in accordance with Jewish law. This is definitely not true. I did take the position that this action should be dismissed because (*inter alia*) it will excessively entangle the Court in questions of religious doctrine. Indeed, plaintiff's letter shows how true this is. In the instant action plaintiff sues over allegations that he was falsely accused of being, as plaintiff puts it in the letter, a "GET

withholder," that is to say, someone who is improperly denying a Jewish religious divorce (in Hebrew, a "*get*") to his wife. Both in the letter and in the instant complaint, plaintiff argues that such an epithet was defamatory because a Jewish religious court had issued a ruling that he was not obligated to give his wife a "*get*." In other words, plaintiff himself is telling the Court that he will prove his defamation related causes of action by showing that pursuant to Jewish religious law, the epithet was untrue. Moreover, the primary way for defendants to refute this is by showing that plaintiff's interpretation of Jewish law is itself untrue. This will require a jury to hear testimony about the intricacies of arcane Jewish religious doctrines both on this issue and others, as I outlined in my October 14, 2022 letter (Dkt 49) requesting a conference to discuss my intended motion to dismiss. As I stated in that prior letter:

> The very persuasive reasoning in *Abdelhak v. Jewish Press Inc.*, 411 N.J. Super. 211, 985 A.2d 197, 2009 N.J. Super. LEXIS 263 (N.J. Super. Ct. App. Div. 2009)), shows that where a court will not be able to evaluate a plaintiff's causes of action or the defenses to them without reference to religious doctrine, the case must be dismissed on the grounds that there exists excessive entanglement with religion.

It is apparent from plaintiff's own words that this case revolves around questions of religious doctrine which have no place before a U.S. District Court.

I thank the Court for its consideration of the foregoing, and remain at Your Honor's disposal to respond to any questions.

Respectfully submitted,

ABRAMS, GORELICK, FRIEDMAN & JACOBSON, LLP

By:

_____
Mark Ian Binsky

cc:  All appearing parties
via ECF