

THE CITY OF NEW YORK

# LAW DEPARTMENT

100 Church Street
NEW YORK, NY 10007

HON. SYLVIA O. HINDS-RADIX
*Corporation Counsel*

LUCA DIFRONZO
(212) 356-2354
ldifronz@law.nyc.gov
*Assistant Corporation Counsel*

June 6, 2023

**BY ECF**
The Honorable Robert M. Levy
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:  <u>Hafif v. Rabbi Eli J. Mansour, et al.</u>, 22-CV-01199 (LDH) (RML)

Your Honor:

   I am Assistant Corporation Counsel in the Office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, representing defendants NYPD Officers Derby St. Fort, Mo Tsang, Samuel Shaya, Andre Ross, and Gaspar Sciacca in the above captioned-case. I write today to respectfully move the Court to issue a second Order compelling plaintiff's production of an executed § 160.50 release with a proposed deadline herein of June 12, 2023 and, when so doing, notify him that his failure to comply with Court orders may result in dismissal of his case under Fed. R. Civ. P. 41(b) and/or sanctions. This is the second motion seeking to compel the release, as plaintiff has flatly refused to honor the Court's recent Order mandating the same. (<u>See</u> ECF No. 66 (Defs.' Motion to Compel); Minute Entry dated May 17, 2020 (granting Motion)).

   In brief review, plaintiff seeks relief in this case under a wide-swath of theories, ranging from 42 U.S.C. § 1983 to RICO, against upwards of forty defendants, including the above officers. (See First Am. Comp., ECF No. 59). Specifically, plaintiff claims that on March 9 and 10 of 2022, the NYPD inadequately responded to protestors gathered outside his Brooklyn residence to protest his refusal to grant his first wife a Jewish divorce document, or "get." (<u>See id.</u>) Thereafter, plaintiff claims that he unconstitutionally taken into custody by officers from his local precinct on charges of domestic violence against his second wife, purportedly as part of furtive conspiracy with the

1

aforementioned protestors to punish plaintiff. (See id.) Despite the complaint's outlandish paranoia, even plaintiff does not—indeed, cannot—refute that, at the time of his arrest, both a publicly available audio recording and a domestic violence report filed by his second wife strongly supported the criminal allegations upon which he was arrested. (See id. at 70-72).

As detailed more fully in their original motion to compel, defendants' numerous efforts to collect a release unsealing plaintiff's criminal records have not born fruit, despite his assurances that he would execute the document. Accordingly, defendants moved to compel the document on May 17, 2023. (See ECF No. 66). The Court granted this request and ordered plaintiff to produce the required release. (See Minute Entry dated May 17, 2023). The following day, defendants contacted plaintiff at the email listed on the docket (and from which he regularly submits ECF filings) and requested he comply by May 26, 2023. Instead, plaintiff informed the undersigned via a phone call later on May 23, 2023 that he had no intention of following Your Honor's directive; to date, his refusal continues, needlessly delaying this case's progression.

Plaintiff expressed to the undersigned his belief that he was under no duty to comply with Your Honor's clear Order mandating execution of the release because discovery had not yet begun. As the Court is no doubt aware, this is an oft-raised, and always-rejected, argument made in a vain effort to prevent the City from accessing documents that underlie the heart of false arrest and malicious prosecution claims it faces. See, e.g., Martin El v. Doe, 15-CV-6581 (BMC), 2016 U.S. Dist. LEXIS 10259, at *4 (in characterizing "its usual practice," observing that "in the few cases in which plaintiffs have not provided such releases, the Court has ordered them to do so" because "[w]ithout an unsealing release, the City will be unable to access the records that it needs in order to craft a response to the complaint"). As such, defendants now again respectfully ask the Court to compel plaintiff to provide the requested release by no later than June 12, 2023. Given plaintiff's apparent disregard for Court orders, defendants also respectfully request the Court to explicitly notify plaintiff that failure to comply with Court orders can result in dismissal of his claims under Fed. R. Civ. P. 41(b) and/or expose plaintiff to the risk of sanctions, monetary or otherwise, under Fed. R. Civ. P. 37(b)(2)(A) and 37(b)(2)(C).

Accordingly, defendants respectfully request that Your Honor again compel plaintiff to produce an executed § 160.50 release, with a firm deadline no later than June 12, 2023, and notify plaintiff that failure to do so could in adverse consequences to his case.

Thank you for your consideration herein.

Respectfully Submitted,

Luca Difronzo
Attorney for Defendants
*Assistant Corporation Counsel*
New York City Law Department
100 Church Street
New York, NY 10007

(212) 356-2354
ldifronz@law.nyc.gov

**<u>VIA ECF</u>**
Plaintiff, pro se
All Counsel of Record