

**THE CITY OF NEW YORK**

| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 Church Street<br>NEW YORK, NY 10007 | **LUCA DIFRONZO**<br>(212) 356-2354<br>ldifronz@law.nyc.gov<br>*Assistant Corporation Counsel* |

July 6, 2023

**VIA ECF**
The Honorable LaShann DeArcy Hall
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

        Re: <u>Hafif v. Rabbi Eli J. Mansour, et al.</u>, 22-CV-01199 (LDH) (RML)

Your Honor:

    I am Assistant Corporation Counsel in the Office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, representing defendants NYPD Officers Derby St. Fort, Mo Tsang, Samuel Shaya, Andre Ross, and Gaspar Sciacca in the above captioned-case. I write today to respectfully to: (1) to the extent the Court reads plaintiff's June 25, 2023 letter as Fed. R. Civ. P. 72 objections to the Hon. Robert M. Levy's June 25, 2023 Order directing plaintiff—for the second time—to produce an executed copy an unsealing release for the criminal records underlying his allegations, oppose such an argument, and (2) ask that the court deny plaintiff leave to file an interlocutory appeal. (<u>See</u> ECF No. 72 (Pl.'s June 23, 2023 Letter); ECF No. 74 (Notice of Appeal)).

    **I.**    **Background**

    In review, plaintiff's nearly one-hundred page operative complaint brings no less than thirteen causes of action arising from a three day span of March 2021 against dozens of defendants, both civilian and law enforcement. (<u>See</u> ECF No. 59). Specifically, plaintiff claims that, on March 9 and 10 of that year, NYPD officers inadequately responded to demonstrations outside his Brooklyn home that were organized by a private group protesting his multiyear refusal to deliver a "Get," or Jewish divorce decree, to his first wife. (<u>See</u> id.) Thereafter, plaintiff claims that the NYPD conspired with these protestors in effectuating his March 11, 2021 arrest on domestic violence charges, despite his own admission that both an outstanding NYPD complaint was filed and a publicly disseminated audio recording exists corroborating the allegations. (<u>See</u> id.)

    Plaintiff filed the original complaint in March of 2022 (see ECF No. 1), and, shortly after service of the first NYPD defendant, this office reached out to plaintiff to obtain a 160.50 release, the document now at issue. He refused, and in private communications, as well as through at least one filing, partially justified this decision because he was not intending to bring claims dependent

upon the existence of probable cause. (See Pl.'s Opp. to Premotion Conference, ECF No. 53 ("I did not plead a cause of action for false arrest"). He subsequently amended the pleading on March 7, 2023, adding numerous NYPD defendants and causes of action, including those previously disavowed claims of false arrest and malicious prosecution. In defendants' March 17, 2023 motion for an extension to respond to the amended complaint, we noted that the addition of these theories of liability to the operative complaint mandated plaintiff's execution of a 160.50 release prior to defendants' filing of any responsive pleading. (See ECF No. 61).

As detailed more fully in defendants' motions to compel, defendants' renewed efforts to obtain the release have been exhaustive, yet ultimately fruitless. (See ECF Nos. 66, 71). In addition to sending plaintiff the release at least twice by postal mailk, they included at least three phone calls and two follow-up emails in March and April of this year—all but one of which went unanswered. On May 5, 2023, the singular time I spoke to plaintiff on the phone, I reiterated the importance of the release and expressed defendants' willingness to seek judicial intervention of its production should plaintiff's recalcitrance continue. Plaintiff then asked for a digital copy of the document, promising that he would return it executed the following week. Despite sending the release to his email listed on the docket (and confirmed in that phone call), defendants' request—once again—went ignored.

Faced with no other option, defendants moved this Court to order plaintiff to produce the release at issue on May 17, 2023. (See ECF No. 66). The Court granted this motion shortly thereafter, but plaintiff nonetheless continued in his defiance, and, accordingly, defendants once again moved for the release's production on June 6, 2023. (See ECF No. 71). In that request, defendants specifically asked The Hon. Robert M. Levy to warn plaintiff about the possibility of continued noncompliance with court orders, including dismissal of plaintiff's case under Fed. R. Civ. P. 41(b) or other sanctions. (See id.). That motion went unopposed, and, on June 12, 2023, the Court issued a second order mandating execution of the release, warning plaintiff of the adverse consequences of his further refusal "include[e] a possible recommendation that this case be dismissed for failure to comply with court orders." (Minute Entry dated June 12, 2023). The Court set June 26, 2023 as the deadline by which plaintiff was to produce the release. To date, he has still not done so, and, indeed, has since indicated that he will not comply with the Court's orders.

Seemingly unphased, plaintiff filed a letter on June 25, 2023 requesting District Court intervention in the ongoing dispute about his criminal records release. (See ECF No. 72). Specifically, he wrote that The Hon. Robert M. Levy's Order is unconstitutional insofar as it would require his self-incrimination, as well as procedurally premature, given this case is not yet in discovery. (See id.) Through subsequent filings, plaintiff has indicated his intent to pursue an appeal to the Second Circuit to prevent the possible repercussion of which the Court so clearly—and correctly—warned him. (See ECF Nos. 73, 74).

## II. Plaintiff's June 25, 2023 Letter as Fed. R. Civ. P. 72 Objections[1]

---

[1] While responses to objections on nondispositive motions are not explicitly provided for in Fed. R. Civ. P. 72(a) itself, the drafters "contemplate[] that a party who is successful before the magistrate will be afforded an opportunity to respond to objections raised to the magistrate's ruling." Fed. R. Civ. P. 72(a) advisory committee's note to 1983 amendment.

2

To the extent the Court reads plaintiff's June 25, 2023 letter as Fed. R. Civ. P. 72(a) Objections to The Hon. Robert M. Levy's June 12, 2023 Order (again) directing him to produce an executed § 160.50 release, the letter falls far short of the "clearly erroneous or contrary to law" standard required for such challenges. The "clearly erroneous standard" asks whether the reviewing court is left "with the definite and fine conviction that a mistake has been committed," e.g., FDIC v. Providence Coll., 115 F.3d 136, 140 (2d Cir. 1997), while review under the "contrary to law" standard demands reversal only if a the Magistrate Judge "fails to apply or misapplies relevant statutes, case law or rules of procedure" to the issue at hand. "A party seeking to overturn a discovery ruling [by a magistrate judge] generally bears a heavy burden." United States v. Ziegel, 2022 U.S. Dist. LEXIS 91194, at *11 (E.D.N.Y. May 20, 2022) (quoting Travel Sentry, Inc. v. Tropp, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009) (alteration in original).

Ordering plaintiff to produce a § 160.50 release before defendants' responsive pleading is in no way "clearly erroneous or contrary to law," as other courts in this District have determined. See, e.g., Vassel v. Palisades Funding Corp., 19-CV-3241, 2022 U.S. Dist. LEXIS 65633 (E.D.N.Y Feb, 7, 2022), The criminal records at issue are City documents that are sealed for certain purposes by operation of state law; notwithstanding this sealed status, courts have reached the common sense conclusion that the City is "entitled to access its own sealed records when defending against a claim that places the protected information into issue." Vassel, 2022 U.S. Dist. LEXIS 65633, at *4 (citations omitted). Nor does the pre-answer posture of this case preclude the Court from mandating production of plaintiff's executed 160.50 release for much the same reason. See, e.g., Martin El v. Doe, 15-CV-6581 (BMC), 2016 U.S. Dist. LEXIS 10259 (E.D.N.Y. 28, 2016), at *4 (in characterizing "its usual practice," observing that "in the few cases in which plaintiffs have not provided such releases, the Court has ordered them to do so" because "[w]ithout an unsealing release, the City will be unable to access the records that it needs in order to craft a response to the complaint").

### III. Interlocutory Review

Plaintiff cannot seek interlocutory review of the discovery dispute surrounding his continued refusal to execute a § 160.50 release. First, because plaintiff seeks to challenge a discovery order, he is required to seek certification for leave to pursue appellate review of this nonfinal order. See 28 U.S.C. § 1292(b). His June 26, 2023 letter asking for District Court review does not do so, and, therefore, his notice of appeal is premature and procedurally defective. (See ECF No. 74).

More substantively, "an interlocutory appeal following the denial of a non-dispositive motion is, and ought to be, a rare event." Merryman v. Citigroup, Inc. 15-CV-9185 (CM), 2017 U.S. Dist. LEXIS 5765, at *4. A plaintiff seeking leave to file such an interlocutory appeals faces the high burden of showing that "exceptional circumstances [] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." Id. (quoting In re Facebook, Inc., IPO Sec. & Derivative Litig., 986 F. Supp. 2d 524, 529-30 (S.D.N.Y. 2014)). This certification requires a proponent to establish that the appeal "(1) involves a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) that an immediate appeal from the order may materially advance the ultimate termination of the litigation." Id. (restating 28 U.S.C. § 1292). Plaintiff addressed none of these factors, and therefore

he may not seek interlocutory appellate relief. Even if plaintiff had listed these factors, their application to the instant facts would almost certainly be unsuccessful, as other Courts in this Circuit have routinely held. See, e.g., Palacio v. the City of New York, et al., 489 F. Supp. 2d 335, 343 (S.D.N.Y May 31, 2007).

### IV. Conclusion

For the above reasons, defendants respectfully ask the Court to overrule plaintiff's Fed. R. Civ. P. 72 objections and deny leave to seek interlocutory appellate relief.

           Respectfully Submitted,

           /s/ Luca Difronzo
           Luca Difronzo
           Attorney for Defendants
           New York City Law Department
           100 Church Street
           New York, NY 10007
           (212) 356-2354
           ldifronz@law.nyc.gov

**VIA ECF**
Plaintiff, pro se
All Counsel of Record