UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
DIBO HAFIF,

        Plaintiff,                               REPORT AND
                                                                           RECOMMENDATION
    -against-                                22 CV 1199 (LDH)(RML)

RABBI ELI J. MANSOUR, *et al.*,

        Defendants.
-------------------------------------------------X
LEVY, United States Magistrate Judge:

        Defendants NYPD Officers Derby St. Fort, Mo Tsang, Samuel Shaya, Andre Ross, and Gaspar Sciacca (the "NYPD defendants") move to dismiss the claims against them pursuant to Federal Rule of Civil Procedure 41(b). For the reasons stated below, I respectfully recommend that the motion be denied at this time, with leave for plaintiff to comply with the court's order.

## BACKGROUND AND FACTS

        Plaintiff *pro se* Dibo Hafif ("plaintiff" or "Hafif") commenced this action on March 4, 2022. (Complaint, dated Mar. 4, 2022, Dkt. No. 1.) Approximately one year later, plaintiff filed an amended complaint asserting various claims against NYPD officers and individual defendants. (Amended Complaint, dated Mar. 7, 2023 ("Am. Compl."), Dkt. No. 59.) The current action includes civil rights claims under 42 U.S.C. §§ 1983, 1985, and 1986, and claims of false arrest, malicious prosecution, and intentional infliction of emotional distress. (Am. Compl. ¶¶ 190, 203, 214, 229, 237, 247-48, 286, 292, 298, 327, 330, 338, 346, 360.) The NYPD defendants filed the instant motion to dismiss on July 6, 2023. (Motion to Dismiss, dated July 6, 2023 ("Mot. to Dismiss"), Dkt. No. 75.)

On October 14, 2022, the NYPD defendants requested a pre-motion conference to "clarify plaintiff's legal claims against defendant[s]." (Motion for Premotion Conference, dated Dec. 14, 2022, Dkt. No. 55.) Plaintiff filed an opposition letter in which he requested leave to amend the complaint and indicated that he did not intend to bring a false arrest claim. (Id.; see also Plaintiff's Letter in Opposition, dated Nov. 13, 2022, Dkt. No. 53.) However, once filed, the amended complaint added false arrest and other claims that would require plaintiff to permit the disclosure of sealed records under New York Criminal Procedure Law ("NYCPL") § 160.50. (Am. Compl. ¶¶ 329, 333, 342, 348.) The NYPD defendants made several unsuccessful attempts to have plaintiff execute a NYCPL § 160.50 release so that they could investigate the allegations. (See First Motion to Extend Time, dated Mar. 17, 2023, Dkt. No. 61.)

On March 17, 2023, the NYPD defendants filed their first motion for an extension of time to answer, indicating that plaintiff's failure to execute and return a § 160.50 release necessitated the motion. (Id.) They asserted that a § 160.50 release was sent to plaintiff "at the start of this litigation," to no response, and requested the executed release again the week of March 17, 2023. (Id.) Over the subsequent months, counsel for the NYPD defendants repeatedly tried to contact Hafif to secure the release needed to draft their answer, but to no avail. (First Motion to Compel, dated May 17, 2023 ("First Mot. to Compel"), Dkt. No. 66.) On May 3, 2023, plaintiff filed a letter stating that he thought it best to address the motions to dismiss before all parties had been brought before the court. (Letter Requesting IFP, dated May 3, 2023, Dkt. No. 65.) Plaintiff did not acknowledge the outstanding § 160.50 release. (Id.) Corporation Counsel spoke to Hafif on May 5, 2023 to reiterate "the importance of the release" and express their intention to compel production if Hafif remained noncompliant. (First Mot. to Compel.) According to the Corporation Counsel, Hafif "promis[ed]" that he would execute and

2

return the § 160.50 release by May 9, 2023, but failed to do so. (Id.) On May 17, 2023, the court granted the NYPD defendants' first motion to compel production. (Order, dated May 17, 2023.) In his written objection, Hafif said the NYPD defendants were seeking "relief that should be sought in discovery" and continued to withhold his signed waiver. (Response to First Order to Compel Production, dated May 18, 2023 ("Opp. to First Order"), Dkt. No. 67.)

The NYPD defendants filed a second motion to compel plaintiff's § 160.50 release on June 6, 2023, and requested that the court issue an explicit warning of the consequences for failing to comply with a court order. (Second Motion to Compel, dated Jun. 6, 2023, Dkt. No. 71.) The court granted the second motion to compel on June 12, 2023, and warned plaintiff that his continued noncompliance could result in sanctions or dismissal of this action. (Order, dated June 12, 2023.) In a written response the court will read as an objection, plaintiff requested court intervention on the ground that his constitutional rights were violated. (See Response to Second Order to Compel Production, dated June 25, 2023 ("Opp. to Second Order"), Dkt. No. 72.) Despite the NYPD defendants' numerous attempts to follow up, plaintiff continued to refuse to sign the § 160.50. release. (See Letter Detailing Defendants' Position, dated July 6, 2023, Dkt. No. 76.)

The NYPD defendants filed the instant motion to dismiss pursuant to Rule 41(b) on July 6, 2023. (Mot. to Dismiss.) The motion remains unopposed; however, plaintiff has filed three letters with this court and sought an improper appeal with the U.S. Court of Appeals since the motion to dismiss was filed.[1] (See Opp. to Second Order; see also Letter Stating Concerns,

---

[1] Plaintiff filed an appeal to seek an interlocutory review of the court's orders to compel an executed § 160.50 release. (See Opp. to Second Order; Notice of Appeal, dated June 26, 2023, Dkt. No. 74; Electronic Index to Record an Appeal, dated June 27, 2023.) For plaintiff to properly seek appellate review of a discovery order, he must receive certification for leave from the court. See 28 U.S.C. § 1292(b). Plaintiff has failed to do that. Pro se litigants' pleadings
(Continued….)

3

dated July 11, 2023, Dkt. No. 77; Letter Regarding Prolonged Inactivity, dated Oct. 9, 2023, Dkt. No. 78; and Notice of Appeal, dated June 26, 2023, Dkt. No. 74.) To date plaintiff has not provided an executed § 160.50 release. (Id.)

## DISCUSSION

### I. NYCPL § 160.50 Release

NYCPL § 160.50 mandates that records associated with criminal prosecutions be sealed upon acquittal to ensure confidentiality and to protect the individual from any potential stigma associated with a criminal prosecution. Vassel v. Palisades Funding Corp., No. 19 CV 3241, 2022 U.S. Dist. LEXIS 65633, at *3 (E.D.N.Y. Feb. 7, 2022) (quoting Lehman v. Kornblau, No. 99 CV 6517, 2001 U.S. Dist. LEXIS 24434 (E.D.N.Y. Sep. 24, 2001)). However, it is well-established that when an acquitted defendant "commences a civil action and affirmatively places the information protected by [NY]CPL § 160.50 into issue," that privilege is waived. Vassel, 2022 U.S. Dist. LEXIS 65633, at *3 (citing Green v. Montgomery, 219 F.3d 52, 57 (2d Cir. 2000)). Actions involving false arrest and malicious prosecution place the arrest "at issue" and the unsealed records provided by a § 160.50 release allow a defendant to answer and craft an applicable affirmative defense. Cabble v. Rollieson, No. 04 CV 9413, 2006 U.S. Dist. LEXIS 7385, at *25 (S.D.N.Y. Feb. 27, 2006).

It is standard practice for the City of New York ("the City") to request § 160.50 releases from plaintiffs prior to filing answers. Martin El, 2016 U.S. Dist. LEXIS 10259, at *4.

---

must be construed liberally; however, these are not exceptional circumstances that would persuade the court to grant leave, even if plaintiff's request had been procedurally sound. See Landeros v. Costello, No. 11 CV 4209, 2012 U.S. Dist. LEXIS 40357, at *2 (E.D.N.Y. Feb. 3, 2012); see also Merryman v. Citigroup, Inc., No. 15 CV 9185, 2017 U.S. Dist. LEXIS 5765, at *4 (S.D.N.Y. Jan. 6, 2017) ("an interlocutory appeal following the denial of a non-dispositive motion is, and ought to be, a rare event."). It is well-established in the Second Circuit that § 160.50 releases may be compelled at this stage of litigation. See Martin El v. Doe, No. 15 CV 6581, 2016 U.S. Dist. LEXIS 10259, at *4 (E.D.N.Y. Jan. 28, 2016).

4

In the rare instances where a plaintiff has not provided a release, courts have regularly granted requests to compel plaintiffs to provide the § 160.50 release. Id. Hafif has not justified a departure from the standard practice. Id.; (see Opp. to First Order; Letter Stating Concerns.)

Discovery under Rule 37 and the § 160.50 release are distinguished by their timing within litigation and the party in possession of the documents. Cabble, 2006 U.S. Dist. LEXIS 7385, at *28. The NYPD defendants seek access to their own files to gather information about the events in the complaint, which will then allow the NYPD defendants' counsel to draft an intelligent, informed answer. Id. Only then will this action proceed to the next phase: discovery. Martin El, 2016 U.S. Dist. LEXIS 10259, at *4.

To support his argument that the § 160.50 release need not be provided until discovery commences, plaintiff contends that "[d]efendant's attorney can simply speak to the NYPD 61st Precinct regarding the allegations set forth[.]" (Opp. to First Order.) However, this manner of information-gathering is exactly what NYCPL § 160.50 safeguards against. See Cabble, 2006 U.S. Dist. LEXIS 7385, *24 (quoting Fountain v. City of New York, No. 03 CV 4526, 2004 U.S. Dist. LEXIS 12278, at *2 (S.D.N.Y. June 30, 2003)) ("The purpose of this sealing provision is to 'insure the one who is charged but not convicted of an offense suffers no stigma as a result of his having once been the object of an unsustained accusation.'"); see also Vassel, 2022 U.S. Dist. LEXIS 65633, at *3. Without access to the records needed to answer the complaint, the NYPD defendants cannot fulfill their obligations under Rule 11(b). (See Opp. to Second Order; Letter Stating Concerns; First Mot. to Extend Time); see also FED. R. CIV. P. 11(b). "Courts have regularly held that the City [of New York] is entitled to access its own sealed records when defending against a claim that places the protected information at issue." Vassel, 2022 U.S. Dist. LEXIS 65633, at *4; see, e.g., Cabble, 2006 U.S. Dist. LEXIS 7385, at

5

*25; Wright v. Snow, 175 A.D.2d 451, 542 (3rd Dept 1991) (plaintiff must consent to defendant examining the sealed records or be precluded from prosecuting his cause of action). Plaintiff is attempting to use his refusal of a § 160.50 waiver as "a sword to gain an advantage in a civil action," because without such a waiver, defendant cannot adequately respond to the allegations in the complaint. Best v. 2170 5th Ave. Corp., 60 A.D.3d 405, 405 (1st Dep't 2009).

## II. Rule 41(b) of the Federal Rules of Civil Procedure

*Pro se* litigants are entitled to "special solicitude" in federal court; however, they are not insulated from dismissal for failing to comply with a court order. Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, at *302 (2d Cir. 2009) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 475 (2d Cir. 2006)). Although *pro se* litigants may receive leniency or special accommodations, failure to comply with court orders may still result in dismissal. See, e.g., Landeros v. Costello, No. 11 CV 4209, 2012 U.S. Dist. LEXIS 40357, at *2 (E.D.N.Y. Feb. 3, 2012) (dismissal of *pro se* action for failure to comply with two court orders to appear); Agiwal, 555 F.3d at 303 (affirming dismissal of *pro se* action for failure to comply with the Magistrate Judge's discovery orders). The standard for dismissal of a *pro se* action is generally behavior that is "[s]ustained and willful intransigence in the face of repeated and explicit warnings." Agiwal, 555 F.3d at *303 (quoting Valentine v. Museum of Art, 29 F.3d 47, 50 (2d Cir. 1994)); see also In re CIS Corp., 214 B.R. 108, 116 (Bankr. S.D.N.Y. 1997) ("Indeed, so harsh is the remedy that there is a 'general reluctance in [the Second Circuit] to employ Rule 41(b) dismissal absent intentional misconduct.'").

Rule 41(b) provides that a defendant may move to dismiss the action or claim "[i]f the plaintiff fails to prosecute or to comply with these rules or any order of court." FED. R. CIV. P. 41(b). Though dismissal pursuant to Rule 41(b) is at the court's discretion, dismissal

with prejudice is the "harshest sanction" and is only proper "in extreme situations." Agiwal, 555 F.3d at *302; Burgin v. Seals-Nevergold, No. 21 CV 2512, 2022 U.S. App. LEXIS 29351, at *2 (2d Cir. 2022) (quoting Baptiste v. Sommers, 768 F.3d 212, 216-17 (2d Cir. 2014)). The Second Circuit has advised district courts to be "especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996).

Courts in the Second Circuit consider the following five factors when contemplating a motion to dismiss pursuant to Rule 41(b):

> [whether] (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir. 2009); see also Valentin v. Dinkins, 121 F.3d 72, 76 (2d Cir. 1997); Lucas, 84 F.3d at 535. While no one factor is dispositive, if the court concludes that lesser sanctions will be ineffective, the "drastic remedy of dismissal" is appropriate. Dodson v. Runyon, 86 F.3d 37, 41 (2d Cir. 1996).

First, plaintiff has failed to comply with two court orders over the last eight months. Although the court has seen Rule 41(b) dismissals featuring longer periods of inactivity, plaintiff's willful noncompliance is significant. See, e.g., Feurtado v. City of New York, No. 03 CV 1147, 2004 U.S. Dist. LEXIS 25147, at *14 (S.D.N.Y. Dec. 15, 2004) (collecting cases of Rule 41(b) dismissals for intentional noncompliance ranging from ten days to four months). Hafif has proven himself to be a diligent litigant, and there is no evidence that his delay can be attributed to neglect or forces outside his control. (See First Mot. to Compel; Second Mot. to Compel; Letter Inquiring on Default Status, dated Sep. 7, 2022, Dkt. No. 44; Letter Inquiring on

7

Case Status, dated Nov. 3, 2022, Dkt. No. 52; Letter Regarding Prolonged Inactivity.) Plaintiff does not appear to have made any genuine attempt to comply with defendants' requests prior to the court orders. (See First Mot. to Compel; Second Mot. to Compel.) Instead, plaintiff ignored all but one attempt by the NYPD defendants' counsel to contact him and waited until after the deadline had passed to state his intention to remain noncompliant. Despite plaintiff's stating several times that he has cooperated fully with the court's requests and that he will continue to do so, that is not the case.[2] Plaintiff's deliberate and lengthy noncompliance weigh in favor of dismissal.

Second, Hafif received ample notice that failure to comply could result in dismissal. For example, I advised plaintiff on June 12, 2023 that this action could be dismissed if he failed to provide the § 160.50 release. (See Order, dated June 12, 2023.) Additionally, the Corporation Counsel's office warned Hafif of the repercussions he faced for continued noncompliance before filing their first and second motions to compel. (Mot. to Dismiss at 3.) Nevertheless, plaintiff has received only one formal warning from the court. See Basile v. City of New York, No. 17 CV 9060, 2019 U.S. Dist. LEXIS 162177, at *13 (S.D.N.Y. Sept. 20, 2019) (*pro se* plaintiff failed to comply with two court orders to sign a § 160.50 release and was given a verbal warning at a final conference before court dismissed action). This does not excuse his noncompliance; however, public policy favors treating *pro se* litigants with lenience. Lucas, 84 F.3d at 535. Therefore, I find that this factor weighs against dismissal.

---

[2] Plaintiff has stated: "I fully acknowledge the importance of cooperation and compliance with law enforcement agencies during legal proceedings, it is crucial that due process is upheld." (Opp. to Second Order.) "As an honest, law abiding citizen, I have diligently followed the rules and procedures that govern this court, submitting all necessary documents and adhering to every requirement." (Letter Stating Concerns.) "I am committed to cooperating fully with the Court and all parties involved to ensure a fair and timely resolution." (Letter Regarding Prolonged Inactivity.)

8

Third, the NYPD defendants are prejudiced by Hafif's refusal to comply with court orders. The Corporation Counsel's ability to investigate the circumstances under which Hafif claims he was harmed is "entirely undermined" by the lack of an executed § 160.50 release. Balkani v. City of N.Y., No. 18 CV 3159, 2018 U.S. Dist. LEXIS 185005, at *5 (S.D.N.Y. Oct. 26, 2018). Consequently, the NYPD defendants cannot meaningfully respond to the allegations, and the court has had to extend their deadline to answer *sine die*. Id.; (see also Mot. to Dismiss at 4.) Here, plaintiff's willful delay gives rise to a presumption of prejudice. See Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982) ("Prejudice to defendants resulting from unreasonable delay may be presumed[.]") (internal citation omitted) (citing Messenger v. United States, 231 F.2d 328, 331 (2d Cir. 1956)). Thus, this factor weighs in favor of dismissal under Rule 41(b).

As to the effect of the delay on the court's docket, the Second Circuit has instructed that "there must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court." Lucas, 84 F.3d at 535-36. Plaintiff has certainly made this case more complicated than necessary at this early stage of litigation,[3] but given his *pro se* status, some accommodations are appropriate. Landeros, 2012 U.S. Dist. LEXIS 40357, at *2. This factor weighs neither for nor against dismissal under Rule 41(b).

Finally, plaintiff's willfulness in this case supports the notion that lesser sanctions may be ineffective. Hafif has remained steadfast in his noncompliance. (See Second Mot. to Compel ("plaintiff informed [Corporation Counsel] via a phone call later on May 23, 2023 that

---

[3] It bears noting that plaintiff has filed six letters since my first order to compel. Two of those letters requested intervention to safeguard his constitutional rights and the most recent letter noted the "prolonged inactivity" in this matter. (See Opp. to Second Order; Letter Expressing Concerns; Letter Regarding Prolonged Inactivity.)

9

he had no intention of following [the court's] directive"); see also Opp. to Second Order; Letter Stating Concerns; Opp. to First Order.) Moreover, plaintiff's *in forma pauperis* status suggests that monetary sanctions would be ineffective. Witharana v. Dorsey, No. 13 CV 3102, 2015 U.S. Dist. LEXIS 97669, at *9 (E.D.N.Y. May 7, 2015); (see also Motion for Leave to Appeal *in forma pauperis*, dated June 26, 2023, Dkt. No. 73; Letter Requesting IFP.) The court and defense counsel have made efforts to accommodate plaintiff. His continued noncompliance establishes the futility of lesser sanctions. See Burgin, 2022 U.S. App. LEXIS 29351, at *3; see also Witharana, 2015 U.S. Dist. LEXIS 97669, at *9 ("[Plaintiff's] refusal to respond to the Court's Order to execute the releases suggests that there is "no reasonable likelihood that plaintiff will comply with Court orders in the future, and any sanction short of dismissal would be unlikely to compel plaintiff to comply with the Court's orders.") This factor weighs in favor of dismissal under Rule 41(b).

The balance of factors weighs in favor of dismissing plaintiff's action. However, considering the strong public policy in providing leniency to *pro se* litigants, I respectfully recommend that the NYPD defendants' Rule 41(b) motion to dismiss be denied at this time and that this Report and Recommendation serve as one final warning to plaintiff. See Lucas, 84 F.3d at 535 ("[N]otions of simple fairness suggest that a *pro se* litigant should receive an explanation" before dismissal). If plaintiff does not sign and submit the § 160.50 release to the Corporation Counsel's office within ten days of this Report and Recommendation, I respectfully recommend that his claims against the NYPD defendants be dismissed.

## Conclusion

I respectfully recommend that the motion to dismiss be denied at this time. I further recommend that, if plaintiff does not execute and return the § 160.50 release within ten

days of the date of this Report and Recommendation, the claims against the NYPD defendants be dismissed with prejudice.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days. Failure to file objections within the specified time waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(d). Counsel for the NYPD defendants is directed to serve copies of this Report and Recommendation on the *pro se* plaintiff by regular mail and email, and to file proof of service within three days of the date of this Report and Recommendation.

Respectfully submitted,

/s/
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
January 2, 2024