Received Pro Se Office via Box.com
May 1 2024
5:53pm

בס"ד

**Dibo Hafif**
**57 Gravesend Neck Road, 1ˢᵗ Fl.**
**Brooklyn, New York 11223**
**Direct: 917.418.4837 | Email: jeffhafif@yahoo.com**

May 1, 2024                                                     כ"ג בניסן תשפ"ד

**VIA ECF**

Honorable LaShann DeArcy Hall, U.S.          Re:   Hafif v.Rabbi Eli J. Mansour, et al.,
United States District Court                         22-CV-1199 (LDH)(RML) [1]
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Dear Judge DeArcy Hall:

I am the Plaintiff, appearing *pro se* in the above-referenced action. I respectfully seek the Court's reconsideration pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure of its Order dated March 28, 2024, adopting the Report and Recommendation of Magistrate Judge Levy. (Ct. Doc. 80, Jan. 2, 2024.)

In the Report and Recommendation, Magistrate Judge Levy denied the Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b) brought by Defendants NYPD Officers Derby St. Fort, Mo Tsang, Samuel Shaya, Andre Ross and Gaspar Sciacca ("NYPD Defendants")[2] but recommended that the claims against these defendants be dismissed with prejudice if I did not execute and return the release pursuant to NY CPL § 160.50 to the Corporation Counsel's office by January 12, 2024. (Ct. Doc. 80, pp. 10-11.)

On January 4, 2024, via the Court's Pro Se Electronic Document Submission Portal (https://www.nyed.uscourts.gov/content/pro-se-electronic-document-submission-during-covid 19-pandemic), I submitted for filing a copy of my notarized NY CPL §160.50 release along with a letter dated January 4, 2024, addressed to the Court and to Luca Difronzo, Attorney for NYPD Defendants (Ct. Doc. 81).[3] (Exhibit 1) This letter was not docketed by the Clerk's Office until January 9, 2024.  (Ct. Doc. 81.). While Mr. Difronzo received this letter via ECF, as explained below, I also emailed my letter and release to him, in accordance with the Report and Recommendation.

---

[1] This letter was prepared with help from the City Bar Justice Center's Federal Pro Se Legal Assistance Project.

[2] NYPD Defendants' July 6, 2023 Letter Motion also requested an extension of time for Defendants to respond to Plaintiff's Complaint *sine die* pending the disposition of their instant Fed. R. Civ. P. 41(b) motion or production of a §160.50 release.

[3] I redacted the first five digits of my Social Security in the releases, which are attached as exhibits.

Hon. LaShann DeArcy Hall
May 1, 2024
Page 2 of 3

On March 28, 2024, the Court entered an Order adopting the January 2, 2024, Report and Recommendation and granting NYPD Defendants' motion to dismiss, based on a finding that I did not file an executed NY CPL §160.50 release form.  This finding is incorrect.

As soon as I learned about the Court's Order, on March 28, 2024, I submitted a letter via the Court's Pro Se Electronic Document Submission Portal, referencing my prior submission of the NY CPL §160.50 release on January 4, 2024 (Ct. Doc. 85) (Exhibit 2). I also asked the Court to reconsider the March 28, 2024, Order of Dismissal. Id. at p. 2.

Additionally, exhibits were appended to the letter, including another copy of my NY CPL §160.50 release and the email I sent to Mr. Difronzo and John Schemitsch (Id. at p. 8). I received an auto-reply email from Mr. Difronzo indicating he was out of the office until January 8, 2024 (Id. at p. 9). On January 9, 2024, Mr. Difronzo responded to my email confirming his receipt of my correspondence and acknowledging that he saw my earlier filing with the Court of my release (Id. at p. 10).

On March 28, 2024, I also re-filed my January 4, 2024, submission to the Court (this time, with the cover letter to Mr. Difronzo in front, and my release on the last page) (Ct. Doc. 86) (Exhibit 3).

Rule 60(b)(1) of the Federal Rules of Procedure states: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect [] . . . ." Fed. R. Civ. P. 60(b)(1).

My submission of the NY CPL §160.50 release immediately following the issuance of the Report and Recommendation, as well as my additional submissions following the Court's Order adopting the Report and Recommendation support my compliance.  Accordingly, I respectfully request that the Court reconsider its March 28, 2024, Order and deny the NYPD Defendants' Motion to Dismiss as moot.

Thank you for your consideration.

Respectfully submitted,

*/s/ Dibo Hafif*

*Pro Se Plaintiff*
57 Gravesend Neck Road
Brooklyn, NY 11223
(914) 418-4837
jeffhafif@yahoo.com

Attachments
cc:    Luca DiFronzo, Esq.
       ldifronzo@law.nyc.gov

# EXHIBIT 1

RECEIVED IN PRO SE OFFICE

JAN 04, 2023 @10:33PM

VIA BOX.COM

## DESIGNATION OF AGENT FOR ACCESS TO SEALED RECORDS PURSUANT TO NYCPL 160.50 AND 160.55

I, Dibo Hafif, Date of Birth ✗✗✗✗✗✗✗✗SS# ✗✗✗✗✗✗✗✗ pursuant to CPL §§ 160.50 and 160.55, hereby designate HON. SYLVIA O. HINDS-RADIX, Corporation Counsel of the City of New York, or her authorized representative, as my agent to whom records of the criminal action terminated in my favor entitled People of the State of New York v.Dibo Hafif, Docket No. or Indictment No. 2022-052703, in _____ Court, County of Kings , State of New York, relating to my arrest on or about March 11, 2021, may be made available.

I understand that until now the aforesaid records have been sealed pursuant to CPL §§ 160.50 and 160.55, which permits those records to be made available only (1) to persons designated by me, or (2) to certain other parties specifically designated in that statute.

I further understand that the person designated by me above as a person to whom the records may be made available is not bound by the statutory sealing requirements of CPL §§ 160.50 and 160.55.

The records to be made available to the person designated above comprise all records and papers relating to my arrest and prosecution in the criminal action identified herein on file with any court, police agency, prosecutor's office or state or local agency that were ordered to be sealed under the provisions of CPL §§ 160.50 and 160.55.

_____
Dibo Hafif

STATE OF NEW YORK        )
                         : SS.:
COUNTY OF Kings          )

On this 18th day of May , 2023, before me personally came Dibo Hafif, to me known and known to me to be the individual described in and who executed the foregoing instrument, and he acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

IRINA ORLOVETSKAYA
Notary Public - State of New York
NO. 01OR6359228
Qualified in Kings County
My Commission Expires May 22, 2025

בס"ד

**Dibo Hafif**
**57 Gravesend Neck Road, 1ˢᵗ Fl.**
**Brooklyn, New York 11223**
**Direct: 917.418.4837 | Email: jeffhafif@yahoo.com**

_____

January 04, 2024                                                כ"ג בטבת תשפ"ד

**VIA ECF**

Honorable LaShann DeArcy Hall            Re:   Hafif v.Rabbi Eli J. Mansour, et al.,
United States District Court                              22-CV-1199 (LDH)(RML)
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

NYC Law Department
100 Church Street
New York, New York 10007
(212) 356-1000

**SUBJECT: ACCESS TO SALED RECORDS PURSUANT TO NYCPL 160.50 AND 160.55**

Dear Mr. Difronzo,

I trust this letter finds you in good health and high spirits. In accordance with the order dated January 2, 2024, please find attached my notarized signature for Access to Sealed Records Pursuant to NYCPL 160.50 And 160.55.

Despite my belief that my constitutional rights are being violated due to the New York Police Department (NYPD) insisting on compelling me to sign certain documents before the commencement of the discovery process, I am complying with the court order under the threat of dismissing my case.

Being coerced into signing documents before the discovery process has even begun deprives me of the opportunity to fully understand the scope and implications of the NYPD's request. This premature action puts me at a significant disadvantage and hampers my ability to adequately prepare for my defense. I firmly believe that such actions undermine the principles of justice and fairness upon which our legal system is built.

I would like to take this opportunity to formally request a Discovery Demand from the NY Police Department to produce all records pertaining to my case between March 9, 2021, and March 11, 2021. Additionally, I request all evidence related to the interaction between my wife, the Police, and the Shomrim organization Members.

Thank you for your time and consideration.


Respectfully submitted,

*/s/ Dibo Hafif*



cc:    **Via ECF**
       **Counsel of Record**


       **By U.S. Mail & Email**

       NYC Law Department
       100 Church Street
       New York, New York 10007

       **Luca Difronzo**
       ldifronz@law.nyc.gov
       **John Edmund Schemitsch**
       jschemit@law.nyc.gov

# EXHIBIT 2

בס"ד

**Dibo Hafif**
**57 Gravesend Neck Road, 1st Fl.**
**Brooklyn, New York 11223**
**Direct: 917.418.4837 | Email: jeffhafif@yahoo.com**

**March 28, 2024**                                                    י"ח באדר ב' תשפ"ד

**VIA ECF**

Honorable LaShann DeArcy Hall          Re:   Hafif v.Rabbi Eli J. Mansour, et al.,
United States District Court                       22-CV-1199 (LDH)(RML)
Eastern District of New York
225 Cadman Plaza East                                           **FILED**
Brooklyn, NY 11201                                   **Mar 28, 2024, 1:30 PM**
                                                              **in the Clerk's Office**
                                                              **U.S. District Court,**
                                                              **EDNY, Brooklyn**
Dear Judge Hall,                                         **Pro Se Office via**
                                                                 **Box.com**

I am writing to express my deep concern regarding the recent order issued by the court, particularly in reference to Document #81 and the letter submitted to the defendant attorney and the court on 01.04.2024. It is truly beyond comprehension and quite shocking that these materials were not reviewed prior to the court's decision.

Throughout the history of this case, I have diligently complied with the court's orders and provided timely responses to all directives. It is essential that this context is considered when evaluating my actions in relation to the recent order.

I sincerely hope that the court has thoroughly examined the docket before proceeding with any further actions, especially considering the imminent dismissal of the case. Failure to do so may result in significant embarrassment upon appeal, as it would become evident that crucial documents were disregarded prior to issuing an order claiming non-compliance on my part.

This latest order from Judge Hall serves as yet another piece of evidence indicating a clear bias against me, without due consideration for my timely and compliant responses to her directives. It is imperative that all submitted materials be given fair and impartial review before any conclusions are drawn.

I respectfully urge the court to revisit the aforementioned document and letter, and to reconsider its position in light of the information provided therein. Your careful consideration of these matters is crucial to ensuring a just and equitable resolution.

Thank you for your attention to this matter. I trust that you will give it the thorough consideration it deserves.

Respectfully submitted,

*/s/ Dibo Hajf*

**cc:** <u>**Via ECF**</u>
**Counsel of Record**

# Activity in Case 1:22-cv-01199-LDH-RML Hafif v. Mansour et al Letter

From: ecf_bounces@nyed.uscourts.gov

To: nobody@nyed.uscourts.gov

Date: Tuesday, January 9, 2024 at 12:57 PM EST

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

**U.S. District Court**

**Eastern District of New York**

## Notice of Electronic Filing

The following transaction was entered on 01/09/2024 at 12:46:00 PM EST and filed on 01/09/2024

**Case Name:** Hafif v. Mansour et al

**Case Number:** 1:22-cv-01199-LDH-RML

**Filer:**

**Document Number:** 81

**Docket Text:**
**Letter filed by pltff. Dibo Hafif In Response to the court's [80] R&R, and further requesting a discovery demand from NYPD. (W/Signed Access To Sealed Records Pursuant To NYCPL 160.50 AND 160.55). (Pro Se File Date:1/4/2024, Recv'd. 1/9/2023). (MLR)**

**1:22-cv-01199-LDH-RML Notice has been electronically mailed to:**

Mark Ian Binsky    mbinsky@agfjlaw.com

John Edmund Schemitsch    jschemit@law.nyc.gov

Luca Difronzo    ldifronz@law.nyc.gov

Dibo Hafif    jeffhafif@yahoo.com

**1:22-cv-01199-LDH-RML Notice will not be electronically mailed to:**

Murray Betesh
500 Roseld Avenue
Deal, NJ

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP NYEDStamp_ID=875559751 [Date=1/9/2024] [FileNumber=18562844-0]
[9780541eb552b31fd1ba48932e2392ca93658a5dca069d0c682466a48c3522f36e222
30a53724a9c39353c4841a3d19721d935e2b42b3c2829d77a5a4b3581e6]]

3/28/24, Case 1:22-cv-01199-LDH-RML Document 58-1 Filed 03/28/24 Page 11 of 22 PageID #: 1269

This is a re-generated NEF. Created on 1/9/2024 at 12:55 PM EST

בס"ד

**Dibo Hafif**
**57 Gravesend Neck Road, 1ˢᵗ Fl.**
**Brooklyn, New York 11223**
**Direct: 917.418.4837 | Email: jeffhafif@yahoo.com**

January 04, 2024                                            כ"ג בטבת תשפ"ד

**VIA ECF**

Honorable LaShann DeArcy Hall           Re:  Hafif v.Rabbi Eli J. Mansour, et al.,
United States District Court                       22-CV-1199 (LDH)(RML)
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

NYC Law Department
100 Church Street
New York, New York 10007
(212) 356-1000

**SUBJECT: ACCESS TO SALED RECORDS PURSUANT TO NYCPL 160.50 AND 160.55**

Dear Mr. Davies,

I trust this letter finds you in good health and high spirits. In accordance with the order dated January 2, 2024, please find attached my notarized signature for Access to Sealed Records Pursuant to NYCPL 160.50 And 160.55.

Despite my belief that my constitutional rights are being violated due to the New York Police Department (NYPD) insisting on compelling me to sign certain documents before the commencement of the discovery process, I am complying with the court order under the threat of dismissing my case.

Being coerced into signing documents before the discovery process has even begun deprives me of the opportunity to fully understand the scope and implications of the NYPD's request. This premature action puts me at a significant disadvantage and hampers my ability to adequately prepare for my defense. I firmly believe that such actions undermine the principles of justice and fairness upon which our legal system is built.

I would like to take this opportunity to formally request a Discovery Demand from the NY Police Department to produce all records pertaining to my case between

March 9, 2021, and March 11, 2021. Additionally, I request all evidence related to the interaction between my wife, the Police, and the Shomrim organization Members.

Thank you for your time and consideration.


Respectfully submitted,

/s/ Dibo Hafif


**cc:**     <u>**Via ECF**</u>
              **Counsel of Record**


            <u>**By U.S. Mail & Email**</u>

            NYC Law Department
            100 Church Street
            New York, New York 10007

            **Luca Difronzo**
            <u>ldifronz@law.nyc.gov</u>
            **John Edmund Schemitsch**
            <u>jschemit@law.nyc.gov</u>

**DESIGNATION OF AGENT FOR ACCESS TO SEALED
RECORDS PURSUANT TO NYCPL 160.50 AND 160.55**

I, Dibo Hafif, Date of Birth ☒☒☒☒☒☒ SS# ☒☒☒☒☒☒☒☒☒ pursuant
to CPL §§ 160.50 and 160.55, hereby designate HON. SYLVIA O. HINDS-RADIX, Corporation
Counsel of the City of New York, or her authorized representative, as my agent to whom records
of the criminal action terminated in my favor entitled <u>People of the State of New York v.Dibo
Hafif</u>, Docket No. or Indictment No. <u>2022-052703</u>, in _____ Court, County of
<u>KINGS</u>, State of New York, relating to my arrest on or about March 11, 2021, may be
made available.

I understand that until now the aforesaid records have been sealed pursuant to
CPL §§ 160.50 and 160.55, which permits those records to be made available only (1) to persons
designated by me, or (2) to certain other parties specifically designated in that statute.

I further understand that the person designated by me above as a person to whom
the records may be made available is not bound by the statutory sealing requirements of CPL
§§ 160.50 and 160.55.

The records to be made available to the person designated above comprise all
records and papers relating to my arrest and prosecution in the criminal action identified herein
on file with any court, police agency, prosecutor's office or state or local agency that were
ordered to be sealed under the provisions of CPL §§ 160.50 and 160.55.

_____
Dibo Hafif

STATE OF NEW YORK )
: SS.:
COUNTY OF *Kings* )

On this *18th* day of *May*, 2023, before me personally came Dibo Hafif, to me
known and known to me to be the individual described in and who executed the foregoing
instrument, and he acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

IRINA ORLOVETSKAYA
Notary Public - State of New York
NO. 01OR6359228
Qualified in Kings County
My Commission Expires May 22, 2025

# Case # CV 22-1199

From: Jeff Hafif (jeffhafif@yahoo.com)

To: ldifronz@law.nyc.gov; jschemit@law.nyc.gov

Date: Thursday, January 4, 2024 at 04:17 PM EST

Dar Mr. Difronzo & Mr. Schemitsch

    As per court order, please review the attached.

"The quality of a person's life is in direct proportion to their
commitment to excellence, regardless of their chosen field of endeavor."
- Vincent Lombardi

Jeff Dibo Hafif Direct | 917.418.4837

 22- DH_Court_Letter_01.04.2024.pdf
227.7kB

 Access To Sealed Records Pursuant To NYCPL 160.50 & 160.55_05.18.2023.pdf
949kB

Case 1:22-cv-01199-LDH-RML   Document 88-8   Filed 03/28/24   Page 16 of 22 PageID #: 1274

# Automatic reply: [EXTERNAL] Case # CV 22-1199

From:   DiFronzo, Luca (LAW) (ldifronz@law.nyc.gov)

To:     jeffhafif@yahoo.com

Date:   Thursday, January 4, 2024 at 04:25 PM EST

I am out of the office from December 20, 2023 to January 8, 2024 and will be reviewing emails periodically during this time. In the event of an emergency, please contact ACC Mary Jane Anderson at (212) 356-2415 or maanders@law.nyc.gov.

# RE: [EXTERNAL] Case # CV 22-1199

From: DiFronzo, Luca (LAW) (ldifronz@law.nyc.gov)

To: jeffhafif@yahoo.com

Date: Tuesday, January 9, 2024 at 01:56 PM EST

Good Afternoon Mr. Hafif,

I was out of the office until yesterday, however I received your correspondence and saw your recent filing. I will follow up with the City's position after internal discussions.

Thank you,

**Luca Difronzo**
*Assistant Corporation Counsel*
New York City Law Department
Special Federal Litigation Division
100 Church Street, Room 3-139
New York, NY 10007
(212) 356-2354
ldifronz@law.nyc.gov



**PRIVILEGED AND CONFIDENTIALITY NOTICE**

This e-mail message is intended only for the person(s) to whom it is addressed and may contain information that is privileged confidential, or otherwise protected from disclosure. The information contained herein is not to be forwarded, discussed, or otherwise disclosed to anyone other than the person(s) addressed in this email without the advance written permission of the sender. Any unauthorized review, use, disclosure or distribution is expressly prohibited. If you are not the intended recipient of this e-mail, please promptly alert the sender by reply e-mail that you received it in error and destroy all copies of the original and any reply message.

**From:** Jeff Hafif <jeffhafif@yahoo.com>
**Sent:** Thursday, January 4, 2024 4:57 PM
**To:** DiFronzo, Luca (LAW) <ldifronz@law.nyc.gov>; Schemitsch, John (Law) <jschemit@law.nyc.gov>
**Cc:** elliothirschlaw@gmail.com
**Subject:** [EXTERNAL] Case # CV 22-1199

You don't often get email from jeffhafif@yahoo.com. Learn why this is important

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe. Forward suspect email to phish@oti.nyc.gov as an attachment (Click the More button, then forward as attachment).

Dar Mr. Difronzo & Mr. Schemitsch

As per court order, please review the attached.

"The quality of a person's life is in direct proportion to their commitment to excellence, regardless of their chosen field of endeavor." - Vincent Lombardi

Jeff Dibo Hafif Direct | 917.418.4837 Fax | 718.880.5422

# EXHIBIT 3

Received Pro Se Office via Box.com
March 28th 2024
9:35pm

בס"ד

**Dibo Hafif**
**57 Gravesend Neck Road, 1ˢᵗ Fl.**
**Brooklyn, New York 11223**
**Direct: 917.418.4837 | Email: jeffhafif@yahoo.com**

---

January 04, 2024                                            כ"ג בטבת תשפ"ד

<u>**VIA ECF**</u>

Honorable LaShann DeArcy Hall          Re:  <u>Hafif v. Rabbi Eli J. Mansour, et al.</u>,
United States District Court                     22-CV-1199 (LDH)(RML)
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

NYC Law Department
100 Church Street
New York, New York 10007
(212) 356-1000

**SUBJECT: ACCESS TO SALED RECORDS PURSUANT TO NYCPL 160.50 AND 160.55**

Dear Mr. Difronzo,

I trust this letter finds you in good health and high spirits. In accordance with the order dated January 2, 2024, please find attached my notarized signature for Access to Sealed Records Pursuant to NYCPL 160.50 And 160.55.

Despite my belief that my constitutional rights are being violated due to the New York Police Department (NYPD) insisting on compelling me to sign certain documents before the commencement of the discovery process, I am complying with the court order under the threat of dismissing my case.

Being coerced into signing documents before the discovery process has even begun deprives me of the opportunity to fully understand the scope and implications of the NYPD's request. This premature action puts me at a significant disadvantage and hampers my ability to adequately prepare for my defense. I firmly believe that such actions undermine the principles of justice and fairness upon which our legal system is built.

I would like to take this opportunity to formally request a Discovery Demand from the NY Police Department to produce all records pertaining to my case between March 9, 2021, and March 11, 2021. Additionally, I request all evidence related to the interaction between my wife, the Police, and the Shomrim organization Members.

Thank you for your time and consideration.


Respectfully submitted,

*/s/ Dibo Hafif*



cc:     **Via ECF**
        **Counsel of Record**


        **By U.S. Mail & Email**

NYC Law Department
100 Church Street
New York, New York 10007

**Luca Difronzo**
ldifronz@law.nyc.gov
**John Edmund Schemitsch**
jschemit@law.nyc.gov

**DESIGNATION OF AGENT FOR ACCESS TO SEALED
RECORDS PURSUANT TO NYCPL 160.50 AND 160.55**

I, Dibo Hafif, Date of Birth XXXXXXXXXSS# XXXXXXXXXX pursuant to CPL §§ 160.50 and 160.55, hereby designate HON. SYLVIA O. HINDS-RADIX, Corporation Counsel of the City of New York, or her authorized representative, as my agent to whom records of the criminal action terminated in my favor entitled People of the State of New York v.Dibo Hafif, Docket No. or Indictment No. 2022-052703, in _____ Court, County of KINGS , State of New York, relating to my arrest on or about March 11, 2021, may be made available.

I understand that until now the aforesaid records have been sealed pursuant to CPL §§ 160.50 and 160.55, which permits those records to be made available only (1) to persons designated by me, or (2) to certain other parties specifically designated in that statute.

I further understand that the person designated by me above as a person to whom the records may be made available is not bound by the statutory sealing requirements of CPL §§ 160.50 and 160.55.

The records to be made available to the person designated above comprise all records and papers relating to my arrest and prosecution in the criminal action identified herein on file with any court, police agency, prosecutor's office or state or local agency that were ordered to be sealed under the provisions of CPL §§ 160.50 and 160.55.

_____
Dibo Hafif

STATE OF NEW YORK       )
                        : SS.:
COUNTY OF Kings         )

On this 18th day of May , 2023, before me personally came Dibo Hafif, to me known and known to me to be the individual described in and who executed the foregoing instrument, and he acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

IRINA ORLOVETSKAYA
Notary Public - State of New York
NO. 01OR6359228
Qualified in Kings County
My Commission Expires May 22, 2025