**RECEIVED IN THE PRO SE OFFICE
NOV 07, 2024, 5:29PM
VIA BOX.COM**

בס״ד

Dibo Hafif
57 Gravesend Neck Road, 1st Fl.
Brooklyn, New York 11223
Direct: 917.418.4837 | Email: jeffhafif@yahoo.com

---

**October 28, 2024**　　　　　　　　　　　　　　　　　　　　　　　　　　　כ״ו בתשרי תשפ״ה

**VIA ECF**

Honorable LaShann DeArcy Hall, U.S.　　　　Re:　Hafif v. Rabbi Eli J. Mansour, et al.,
United States District Court　　　　　　　　　　　　22-CV-1199 (LDH)(RML)
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re: Request for Scheduling Order and Advancement of Case**

Dear Judge DeArcy Hall:

    I am writing to respectfully address a matter of urgency regarding the above-referenced case, which has now been pending before this Court for thirty-one (31) months without any substantive progression. This extended delay has created significant frustration and raised concerns that my rights to timely proceedings, as mandated by Federal Rule of Civil Procedure 16, are not being upheld.

    According to Rule 16, the Court was required to issue a scheduling order following the parties' Rule 26(f) conference and upon the appearance of at least one defendant, both of which conditions have been met in this matter. Despite multiple requests and previous letters submitted to the Court urging the advancement of this case, the issuance of a scheduling order has not yet occurred, effectively stalling any further movement in the litigation process. Notably, in a recent similar case, the Court issued a scheduling order sua sponte, in accordance with standard practice. I have included supporting documentation regarding this similar case for the Court's reference.

      I respectfully urge the Court to issue the necessary scheduling order and enable this case to progress toward resolution. The prolonged delay not only affects my rights but also challenges the expedient administration of justice fundamental to the federal judicial process.

      Thank you for your attention to this matter. I look forward to the Court's guidance on the next steps to ensure the fair and timely handling of this case.

      Respectfully submitted,

*/s/ Dibo Hafif*

*Pro Se Plaintiff*
57 Gravesend Neck Road
Brooklyn, NY 11223
(917) 418-4837
jeffhafif@yahoo.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
  JONATHAN BENAMOU,

                            Plaintiff,

             -against-                                **ORDER**
                                                    24 CV 4592 (OEM) (CLP)

  ADINA MILES,

                            Defendant(s).
------------------------------------------------------------X
**POLLAK**, United States Magistrate Judge:

      The parties in this case are directed to:

| | |
|---|---|
| DATE: | **NOVEMBER 26, 2024** |
| TIME: | **9:45 AM** |
| LOCATION: | Initial conference will proceed via CISCO conference call. |
| | Please dial 571-353-2301 at 9:45 AM |
| | Enter Meeting ID: 022-788-537 |

      Counsel for all parties, and any *pro se* party, must attend this Telephone Initial Conference. Any requests to adjourn or reschedule the Initial Conference must be made **in writing** and received by the Court at least forty-eight (48) hours before the scheduled date.

**A. Purpose of the Initial Conference**

      One important purpose of the initial conference is to establish a schedule and to discuss what lawyers usually call "discovery." See Fed. R. Civ. P. 16(a) (explaining the purpose of a

1

pretrial conference); Fed. R. Civ. P. 16(c)(2) (setting forth the matters courts may consider at a pretrial conference).  Discovery takes place before trial, and is the process by which parties gather evidence and other information to narrow the issues in dispute and for use at trial.  See, e.g., Williams v. McClain, 708 F. Supp. 1086, 1090 (W.D. Mo. 1989).  The different procedures a party may use to obtain information in discovery are set forth in the Federal Rules of Civil Procedure, primarily in Rules 26 through 37.

The Court will also discuss other legal procedures that may be used before trial to ensure "the just, speedy, and inexpensive determination" of this action.  Fed. R. Civ. P. 1.

**B.  Initial Disclosures**

The Federal Rules of Civil Procedure generally require the parties to exchange initial disclosures of certain relevant information without awaiting a discovery request.  See Fed. R. Civ. P. 26(a)(1)(A).  The Court does not, however, require *pro se* parties to provide initial disclosures or participate in a Rule 26(f) conference.  See id. (allowing a court to exempt a party from the initial disclosure requirement); Fed. R. Civ. P. 26(f)(1); see also Fed. R. Civ. P. 26(a)(1)(B)(iv).  Thus, the Court Orders that plaintiff need not provide initial disclosures under Rule 26, and need not participate in a Rule 26(f) conference before the Initial Conference.

**C.  Important Requirements**

It is the responsibility of ALL parties to confirm that their contact information is correct at the time of filing the Complaint or Answer, and to monitor the status of their cases in order to avoid missing court appearances or deadlines set by the Court.  The parties must also promptly send written notice to the judge, the Clerk of the Court, and counsel for all other parties of any changes in mailing address and/or telephone numbers.  Every communication sent to the Court

must also be sent to the opposing party or counsel. Any document received by a district judge or magistrate judge that fails to indicate that a copy has been sent to all opposing parties and counsel may be disregarded by the Court.

### D. Plaintiff's Duty to Participate in Court Proceedings, Update Contact Information, and Check the Status of the Case

The federal courts are open to all persons, including those who may not have regular access to postal or telephone service. Nonetheless, it is incumbent upon a litigant—particularly a plaintiff who seeks to avail himself of the Court's assistance to obtain relief of some sort—to monitor the progress of the case, to check the docket sheet periodically (online, in person, or by phoning the Clerk of the Court), and to seek to move the case forward. The plaintiff is also under an obligation to provide and update his contact information so that the Court can provide him with Orders and other information regarding the action. By filing a lawsuit in federal court, a plaintiff voluntarily assumes such responsibilities. See West v. City of New York, 130 F.R.D. 522, 524 (S.D.N.Y. 1990). If a plaintiff fails to pursue his case or to satisfy his obligations without good reason, his case may be dismissed with or without prejudice. Id.; see also In re World Trade Center Disaster Site Litig., 722 F.3d 483, 487 (2d Cir. 2013); Schenck v. Bear, Stearns & Co., Inc., 583 F.2d 58, 60 (2d Cir. 1978) (citing West v. Gilbert, 361 F.2d 314 (2d Cir.), cert. denied, 385 U.S. 919 (1966)).

The Court is mindful of the possibility that a party may not be able to provide a stable mailing address. Even if that is the case, the party nonetheless must remain in contact with the Court and other parties, and obtain information regarding the case in some other way, such as:

- By visiting the Clerk of the Court's office on the first floor of 225 Cadman Plaza East and either accessing the docket on the public terminals or speaking with a deputy clerk;

- By calling the Pro Se Office at (718) 613-2665;

- By accessing the docket available online through CM/ECF or PACER; or

- By calling chambers at (718) 613-2360.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
October 24, 2024

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York

## INITIAL CONFERENCE QUESTIONNAIRE

1. Date for completion of automatic disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure, if not yet made:

2. If additional interrogatories beyond the 25 permitted under the federal rules are needed, the maximum number of: plaintiff(s) _____ and defendant(s)

3. Number of depositions by plaintiff(s) of: parties _____ non-parties

4. Number of depositions by defendant(s) of: parties _____ non-parties

5. Date for completion of factual discovery:

6. Number of expert witnesses of plaintiff(s): _____ medical _____ non-medical

    Date for expert report(s):

7. Number of expert witnesses of defendant(s): _____ medical _____ non-medical

    Date for expert report(s):

8. Date for completion of expert discovery:

9. Time for amendment of the pleadings by plaintiff(s)
   or by defendant(s)

10. Number of proposed additional parties to be joined by plaintiff(s) _____ and by defendant(s) _____ and time for completion of joinder:

11. Types of contemplated dispositive motions:   plaintiff(s):
                                                  defendant(s):

12. Dates for filing contemplated dispositive motions:   plaintiff(s):
                                                          defendant(s):

13. Have counsel reached any agreements regarding electronic discovery? If so, please describe at the initial conference.

14. Have counsel reached any agreements regarding disclosure of experts' work papers (including drafts) and communications with experts? If so, please describe at the initial conference.

15. Will the parties consent to trial before a magistrate judge pursuant to 28 U.S.C. §636(c)? (Answer no if any party declines to consent without indicating which party has declined.) *
    Yes _____ No

---

\* **The fillable consent form may be found at**
http://www.nyed.uscourts.gov/General_Information/Court_Forms/court_forms.html  **and may be filed electronically upon completion prior to the initial conference, or, brought to the initial conference and presented to the Court for processing.**

# **<u>Magistrate Judge Cheryl L. Pollak</u>**

Chambers Room 1230
Courtroom 13B - South
Telephone (718) 613-2360
Fax (718) 613-2365

      To avoid confusion and facilitate the work of the Clerk's Office, all papers should bear the docket number for the case followed by the initials of the District Judge, followed by Judge Pollak's initials (CLP).

<u>ELECTRONIC CASE FILING</u>

      Pursuant to the Local Rules of the Eastern District, all submissions must be made via the Electronic Case Filing system (the "ECF system") with courtesy copies provided to chambers. Courtesy copies of submissions exceeding ten pages should be mailed directly to chambers via hard copy. Courtesy copies of all other submissions should be delivered via facsimile.

      Pro se parties are automatically exempt from mandatory electronic filing. However, parties represented by counsel in pro se cases must file all submissions electronically and mail the submission to the pro se litigant.

**ALTHOUGH ALL DOCUMENTS <u>MUST</u> BE FILED ELECTRONICALLY, COURTESY COPIES ARE STILL REQUIRED OF ALL DOCUMENTS**

**REQUESTS NOT FILED ELECTRONICALLY WILL NOT BE CONSIDERED BY THE COURT.**

<u>CALENDAR MATTERS, STATUS, ADJOURNMENTS</u>:

      All requests for adjournments or extensions must be made by facsimile AND filed electronically at least two (2) business days prior to the scheduled matter. Counsel shall confer with the other parties and, whenever possible, obtain consent before contacting chambers with requests for extensions, adjournments and the scheduling of conferences. The Court will transmit any ruling via the ECF system.

      All telephone calls concerning calendar matters or case status in criminal or civil matters before Judge Pollak should be made to chambers at (718) 613-2360. Inquiries regarding appearances for arraignments, bond hearings, or other matters before the duty magistrate should be made to the magistrate clerical department at (718) 613-2620. Do not call regarding the status of any case or submission without first referring to the docket sheet.

      For questions regarding procedure, please refer to the Federal Rules of Criminal or Civil

Procedure and the Local Rules of the Eastern District.

CONFERENCES:

Pursuant to Fed. R. Civ. P. 26(f), counsel shall, as soon as possible and in any event at least 14 days before an initial conference is held, meet to discuss the nature and basis of their claims and defenses, the possibilities for a prompt settlement, and a proposed discovery plan. The proposed discovery plan may, but need not, be filed on the ECF system.

Counsel shall appear promptly for all pre-trial conferences, prepared and authorized to discuss progress in the case, scheduling of further proceedings, and possible settlement. Civil conferences may be adjourned with the consent of all parties, provided that the Court is notified in writing by facsimile and by electronic filing, **at least 48 hours** prior to the scheduled conference.

For conferences conducted by telephone, the parties must call chambers at the time of the conference with all parties on the line. If a party calls chambers at the time of the conference without all parties on the line, they will be instructed to call back once all parties are on the line.

INTERPRETER SERVICES:

Interpreter services are generally not provided by the Court in civil cases. If a party speaks a language other than English, the party must make his/her own arrangement to conduct his/her case in English. A party may bring an English-speaking friend or family member to court conferences. However, persons acting as interpreters must translate exactly what is said; they may not speak for or advocate for the party.

CHANGE OF ADDRESS:

Parties shall keep the Court apprised of their current address and telephone number. If a party changes address, he/she shall immediately notify the Court and the opposing party in writing.

DEPOSITION PROBLEMS:

Parties encountering deposition problems should first make every effort to resolve the dispute among themselves. In the event a satisfactory resolution cannot be reached, the parties are directed to contact the Court immediately by telephone. The Court will either resolve the matter or instruct the parties to move on to other issues in the deposition until such time as the Court can address the dispute. Under no circumstances should the parties discontinue the

deposition without first attempting to contact the Court.

MOTION RULES AT A GLANCE:

| | |
|---|---|
| Oral Argument: | Yes, at the parties' request.  See Motion Procedures and Rules ¶ 7. |
| Courtesy Copies to Chambers: | Yes. See page 1 for instructions on the appropriate format of courtesy copies. |

MOTION PROCEDURES AND RULES:

     1.     Parties experiencing problems with <u>discovery</u> must, prior to filing any formal motions, submit to both the Court and any opposing party a letter, detailing the issues involved.  If the dispute requires Court review of document requests, interrogatories, or responses thereto, the moving party shall attach a copy of the relevant documents to its letter.  Parties must respond, also by letter, within five (5) business days of receipt of the movant's letter.  Any reply must be submitted within three (3) business days of a response.  No sur-replies will be accepted without prior permission.  The Court may schedule a conference or direct the filing of a formal motion thereafter, if necessary.

     2.     Return dates and briefing schedules will be set by the Court.  If an extension of time is necessary, the parties may agree to a revised schedule and inform the Court by letter.  If the parties cannot agree on a revised schedule, either party may contact the Court in writing and the Court will consider the proposed schedule.

     3.     The Notice of Motion shall <u>not</u> contain a return date, but rather shall state that the return date will be set by the Court.  All moving papers will be served on all parties.

     5.     The "original" of all motion papers shall be filed via the ECF system.  In addition, a courtesy copy, marked as such, shall be submitted directly to chambers at the time of filing.  See page 1 for instructions on the appropriate format of courtesy copies.

     6.     Supplemental briefs will not be accepted unless requested by the Court.

     7.     Any party may request a date for oral argument, provided such a date has not already been scheduled.  Once scheduled, oral argument may be adjourned with the consent of all parties, provided that the Court is notified in writing by facsimile and by ECF filing, no later than 48 hours prior to the scheduled argument.

     8.     Strict compliance with these rules, the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of New York is required.  Papers not in compliance with any relevant rule will not be considered in the absence of extraordinary circumstances.

      9.      If any party concludes in good faith that delaying the filing of a motion, in order to comply with any aspect of these individual practices, will deprive the party of a substantive right, the party may file the motion within the time required by the Federal Rules of Civil and/or Appellate Procedure, together with an explanation of the basis for the conclusion.

<u>MOTIONS TO APPEAR PRO HAC VICE</u>

      A proposed order must be included in all motions to appear <u>pro hac vice</u>